**Elouise Pepion COBELL, et al., Plaintiffs,**

v.

**Gale A. NORTON, Secretary of the Interior, et al., Defendants.**

**No. CIV.A. 96–1285(RCL).**

United States District Court, District of Columbia.

April 28, 2003.

Keith M. Harper, Native American Rights Fund, Washington, DC, Elliott H. Levitas, Kilpatrick Stockton, LLP, Washington, DC, Dennis Marc Gingold, Mark Kester Brown, Washington, DC, for plaintiffs.

J. Christopher Kohn, U.S. Dept. of Justice, Commercial Lit. Branch, Washington, DC, Brian L. Ferrell, Mark E. Nagle, Robert Craig Lawrence, Scott Sutherland Harris, U.S. Attorney's Office, Washington, DC, Henry A. Azar, Jr., U.S. Dept. of Justice, Fed. Programs Branch, Washington, DC, Seth Brandon Shapiro, Jonathan Brian New, Jennifer R. Rivera, John Charles Cruden, John Stemplewicz, U.S. Dept. of Justice, Civ. Div., Washington, DC, Sandra Peavler Spooner, David J. Gottesman, Peter Blaze Miller, Cynthia L. Alexander, Mathew J. Fader, Amalia D. Kessler, U.S. Dept. of Justice, Commercial Lit. Branch, Washington, DC, for Kevin Gover, defendant.

J. Christopher Kohn, U.S. Dept. of Justice, Commercial Lit. Branch, Washington, DC, Brian L. Ferrell, Mark E. Nagle, Robert Craig Lawrence, Scott Sutherland Harris, U.S. Attorney's Office, Washington, DC, Henry A. Azar, Jr., Sandra Marguerite Schraibman, U.S. Dept. of Justice, Fed. Programs Branch, Washington, DC, Michael John Quinn, Seth Brandon Shapiro, Jonathan Brian New, Jennifer R. Rivera, John Stemplewicz, Phillip Martin Seligman, Gino D. Vissicchio, Tracy Lyle Hilmer, U.S. Dept. of Justice, Civ. Div., Washington, DC, Sandra Peavler Spooner, John Warshawsky, David J. Gottesman, Peter Blaze Miller, Cynthia L. Alexander, Mathew J. Fader, John J. Siemietkowski, John R. Kresse,' Timothy E. Curley, U.S. Dept. of Justice, Commercial Lit. Branch, Washington, DC, Charles Walter Findley, III, Sarah D. Himmelhoch, U.S. Dept. of Justice, Environment and Natural Resources, Washington, DC, Edith R. Blackkwell, Washington, DC, Dodge Wells, U.S. Dept. of Justice, Washington, DC, for Dept. of Interior.

J. Christopher Kohn, U.S. Dept. of Justice, Commercial Lit. Branch, Washington, DC, Mark E. Nagle, Robert Craig Lawrence, Scott Sutherland Harris, U.S. Attorney's Office, Washington, DC, Henry A. Azar, Jr., U.S. Dept. of Justice, Fed. Programs Branch, Washington, DC, Seth Brandon Shapiro, Jonathan Brian New, Jennifer R. Rivera, John Stemplewicz, U.S. Dept. of Justice, Civ. Div., Washington, DC, Sandra Peavler Spooner, David J. Gottesman, Peter Blaze Miller, Cynthia L. Alexander, Mathew J. Fader, U.S. Dept. of Justice, Commercial Lit. Branch, Washington, DC, Charles Walter Findley, III, Sarah D. Himmelhoch, U.S. Dept. of Justice, Environment and Natural ·Resources, Washington, DC, Washington, DC, Dodge Wells, U.S. Dept. of Justice, Washington, DC, Daniel Gordon Jarcho, Herbert Lawrence Genster, Christina M. Carroll, Michael James Bearman, McKenna Long & Aldridge, LLP, Washington, DC, for Gale Norton.

Robert D. Luskin, Patton Boggs, LLP, Washington, DC, Henry A. Azar, Jr., U.S. Dept. of Justice, Fed. Programs Branch, Washington, DC, Seth Brandon Shapiro, Jonathan Brian New, Jennifer R. Rivera, U.S. Dept. of Justice, Civ. Div., Washington, DC, David J. Gottesman, Peter Blaze Miller, Cynthia L. Alexander, Mathew J. Fader, Amalia D. Kessler, U.S. Dept. of Justice, Commercial Lit. Branch, Washington, DC, for John D. Leshy, Edward B. Cohen.

Henry A. Azar, Jr., U.S. Dept. of Justice, Fed. Programs Branch, Washington, DC, Seth Brandon Shapiro, Jonathan Brian New, Jennifer R. Rivera, U.S. Dept. of Justice, Civ. Div., Washington, DC, David J. Gottesman, Peter Blaze Miller, Cynthia L. Alexander, Mathew J. Fader, Amalia D. Kessler, U.S. Dept. of Justice, Commercial Lit. Branch, Washington, DC, Elizabeth Wallace Fleming, Trout & Richards, P.L.L.C., Washington, DC, for Michael G. Rossetti.

B. Michael Rauh, Manatt, Phelps & Phillips, L.L.P., Washington, DC, Henry A. Azar, Jr., U.S. Dept. of Justice, Fed. Programs Branch, Washington, DC, Seth Brandon Shapiro, Jonathan Brian New, Jennifer R. Rivera, Tracy Lyle Hilmer, U.S. Dept. of Justice, Civ. Div., Washington, DC, David J. Gottesman, U.S. Dept. of Justice, Commercial Lit. Branch, Washington, DC, Dodge Wells, U.S. Dept. of Justice, Washington, DC, for Neal McCaleb.

Lawrence H. Wechsler, Janis, Schuelke & Wechsler, Washington, DC, for Eleni M. Constantine.

Donald Michael Barnes, Porter, Wright, Morris & Arthur, Washington, DC, for Roberta McInerney. David Booth Beers, Shea & Gardner, Washington, DC, for James Regan.

William Aaron Dobrovir, Sperryville, VA, for Daniel Mazella.

Pamela J. Marple, Manatt, Phelps & Phillips, Washington, DC, for Randall Lewis.

Timothy Patrick Garren, U.S. Dept. of Justice, Civ. Rights, Div., Washington, DC, for U.S.

Brian L. Ferrell, U.S. Dept. of Justice, Washington, DC, Gino D. Vissicchio, John Warshawsky, John J. Siemietkowski, U.S. Dept. of Justice, Commercial Lit. Branch, Washington, DC, for Dept. of Treasury.

Erik Lloyd Kitchen, Steptoe & Johnson, L.L.P., Washington, DC, for Ingrid D. Falanga.

Martha Purcell Rogers, Ober, Kaler, Grimes & Shriver, Washington, DC, for Timothy S. Elliott.

Michael R. Bromwich, Fried, Frank, Harris, Shriver & Jacobson, Washington, DC, Amy Berman Jackson, Trout & Richards, P.L.L.C., Washington, DC, for Edith R. Blackwell.

Roger Eric Zuckerman, Zuckerman Spaeder, LLP, Washington, Dc, for Robert Lamb.

Kathleen Elizabeth Voelker, Washington, DC, for James Douglas.

Stephen M. Byers, Crowell & Moring, L.L.P., Washington, DC, for Dominic Nessi.

Leslie B. Kiernan, Zuckerman Spaeder, LLP, Washington, DC, for Hilda Manuel.

Michael R. Bromwich, Fried, Frank, Harris, Shriver & Jacobson, Washington, DC, for M. Sharon Blackwell.

L. Barrett Boss, Asbill, Moffitt & Boss, Chartered, Washington, DC, for Steven Swanson.

Plato Cacheris, John Francis Hundley, Baker & McKenzie, Washington, DC, Sydney Jean Hoffmann, Law Offices of Plato Cacheris, Washington, DC, for John Berry, Glenn Schumaker.

Barbara Ann Van Gelder, Wiley Rein & Fielding, LLP, Washington, DC, for James A. Eichner.

William Holt Briggs, Jr., Marc Evan Rindner, Laura C. Zimmitti, Ross, Dixon & Bell, LLP, Washington, DC, for Phillip A. Brooks.

Thomas Edward Wilson, Berliner, Corcoran & Rowe, L.L.P., Washington, DC, for John S. Most.

Mary Lou Soller, Miller & Chevalier, Chartered, Washington, DC, for Chester Mills, Terrance Virden.

Jeffrey David Robinson, Melissa Heitmann McNiven, Baach, Robinson & Lewis, Washington, DC, for Lois J. Schiffer.

Dwight Phillip Bostwick, Melissa Heitmann McNiven, Baach, Robinson & Lewis, Washington, DC, for Anne Shields.

Larry Allen Nathans, Robert W. Biddle, Bennett & Nathans, L.L.P., Baltimore, MD, for David Shuey.

John Kenneth Zwerling, Zwerling & Kemler, P.C., Alexandria, VA, for Terry Steele.

Russell David Duncan, Lisa Ann Freiman Fishberg, Coburn & Schertler, Washington, DC, Steven John Roman, John Albert Gibbons, Dickstein, Shapiro, Morin & Oshinsky, L.L.P., Washington, DC, for John A. Bryson, David Shilton.

E. Lawrence Barcella, Jr., Paul, Hastings, Janofsky & Walker, L.L.P., Washington, DC, for William G. Myers, III.

David Sidney Krakoff, Alessio D. Evangelista, Beveridge & Diamond, P.C., Washington, DC, for Daryl W. White.

Michael D. Goodstein, Resolution Law Group, PC, Washington, DC, for Tom C. Clark, II.

Bradley Stuart Lui, Morrison & Foerster, LLP, Washington, DC, for Sabrina McCarthy.

Stanley M. Brand, Andrew Dewald Herman, Brand & Frulla, P.C., Washington, DC, for Peter D. Coppelman.

Marshall L. Matz, Olsson, Frank & Weeda, P.C., Washington, DC, for Michael B. Jandreau.

Jefferson McClure Gray, D. Jacques Smith, Arent, Fox, Kintner, Plotkin & Kahn, Washington, DC, for Kenneth Paquin, Kenneth Russell.

Emily M. Yinger, Hogan & Hartson, McLean, VA, for Accenture LLP.

William Leonard Gardner, Brian Michael Privor, Morgan, Lewis & Bockius, L.L.P., Washington, DC, for Willa B. Perlmutter.

Hamilton Phillips Fox, III, Sutherland, Asbill & Brennan, L.L.P., Washington, DC, for Charles W. Findlay.

Christopher J. Lovrien, Robert Christopher Cook, Jones Day, Washington, DC, for Michael Carr.

Dennis Marc Gingold, Washington, DC, for James Simon.

Robert A. Salerno, Piper Rudnick LLP, Washington, DC, for Sarah Himmelhoch.

Bruce Allen Baird, Michael X. Imbroscio, Nicole Jo Moss, Covington & Burling, Washington, DC, for Bert T. Edwards.

Amy S. Koch, Cameron McKenna, Washington, DC, Stephen R. Ward, Conner & Winters, P.C., Tulsa, OK, Jason B. Aamodt, Wrightman Mansion, Tulsa, OK, for Quapaw Tribe of Oklahoma.

Charles Allan Hobbs, Hobbs, Straus, Dean & Walker, Washington, DC, Geoffrey D. Strommer, Hobbs, Sraus, Dean & Walker, Portland, OR, for National Congress of American Indians.

George Joseph Hughes, Hughes & Bentzen, PLLC, Washington, DC, for Michael P. Bentzen.

Alan Lee Balaran, Washington, DC, pro se.

Richard Lee Cys, David Wright Tremaine, Washington, DC, Jonathan K. Tycko, Tycko Zavareei, LLP, Washington, DC, for Dow Jones & Co., Inc.

Christopher B. Mead, London & Mead, Washington, DC, for Kenneth F. Rossman.

Albert Lee Bynum, Godsden, AL, pro se.

Nathaniel Davis Owens, Sr., Anniston, AL, for Albert Lee Bynum.

Jill Elise Grant, Nordhaus, Haltom, Taylor, Taradash & Bladh, LLP, Washington, DC, for Intertribal Monitoring Ass'n for Indian Trust Funds.

Neil James Ruther, Towson, MD, for Native American Industrial Distributors, Inc.

## ORDER

LAMBERTH, District Judge.

Upon consideration of defendants' motions for partial summary judgment that the Interior Department's historical accounting plan and trust management plan comport with their obligation to perform a historical accounting, plaintiffs' briefs in opposition thereto, defendants' reply briefs, and the applicable law in this case, the Court finds that defendants' motions should be denied.

On September 17, 2002, this Court ordered the Interior defendants ("defendants") to file with the Court a plan for conducting a historical accounting of the individual Indian money (IIM) trust accounts and a plan for bringing themselves into compliance with the fiduciary obligations that defendants owe to the IIM beneficiaries. With respect to the latter plan, the Court further ordered defendants to "describe, in detail, the standards by which they intend to administer the IIM trust accounts, and how their proposed actions would bring them into compliance with those standards." *Cobell v. Norton,* 226 F.Supp.2d 1, 162. Defendants filed plans purporting to comport with the Court's orders on January 6, 2003.

Defendants presently seek an order from the Court declaring, as a matter of law, that the steps outlined in both of these plans comport with the Interior Department's obligation to perform an accounting. The Court declines to enter such an order because defendants have failed to present, in conjunction with their motions, statements of allegedly undisputed facts that, if true, would entitle defendants to judgment as a matter of law that the steps outlined in these plans would comport with their fiduciary obligation to perform a complete historical accounting of the IIM accounts. Instead, each statement consists in its entirety of the following factual assertions: (1) "The Secretary of the Interior and the Assistant Secretary of Interior–Indian Affairs ('Interior Defendants') serve as trustee-delegates of the Federal Government with regard to the administration of Individual Indian Money ('IIM') trust accounts"; (2) this Court ordered defendants to submit the above-mentioned plans; (3) defendants submitted the plans; and (4) the plans contain assertions that they comport with defendants' fiduciary obligations.[1]

---

1. Specifically, the statement of allegedly undisputed facts submitted with defendants' summary judgment motion as to its historical accounting plan provides only that "Interior Defendants' Plan asserts that, upon completion of the historical accounting, they will be in a position to provide the holder of each IIM account covered by the Plan an Historical Statement of Account detailing the account transaction history. *See* Interior Defendants' Plan at I–1." Similarly, the statement submitted with defendants' summary judg-

Even if defendants were to demonstrate that each of these four assertions were true, defendants would not therefore be entitled to partial summary judgment that the steps outlined in these plans comport with defendants' fiduciary obligations to perform a complete historical accounting. A finding that these plans. *assert* that "they are the relevant part of an ongoing trust reform planning and implementation process" and that "upon completion of the historical accounting, [defendants] will be in a position to provide the holder of each IIM account covered by the Plan an Historical Statement of Account" is manifestly not the same as a finding that these plans *will accomplish* what defendants claim that they will accomplish. Therefore, defendants have failed to satisfy their burden of production, which requires them to produce credible evidence that, if uncontroverted, would entitle them to a directed verdict at trial that the measures outlined in these plans comport with the Interior Department's obligation to perform an accounting of the IIM trust accounts. Accordingly, the Court will deny defendants' motions for partial summary judgment.

Defendants have submitted to the Court two plans outlining measures to make plans that (they allege) will result in the performance of an accounting. However, defendants have presented no evidence that they have conducted a historical accounting of the IIM accounts, or that they are presently conducting any operation that would constitute such an accounting. In the absence of such evidence, the Court will not enter summary judgment that the

steps outlined in these "plans to make plans" somehow comport with defendants' obligation to conduct a complete historical accounting. It is therefore

ORDERED that defendants' motion for partial summary judgment that Interior's historical accounting plan comports with their obligation to perform an accounting [1775–1] be, and hereby is, DENIED. It is further

ORDERED that defendants' motion for partial summary judgment that Interior's trust management plan comports with their obligation to perform an accounting [1776–1] be, and hereby is, DENIED.

SO ORDERED.

ment motion as to its trust management provides only that

Interior Defendants' Plan asserts that it is the relevant part of an ongoing trust reform planning and implementation process in which Interior is already engaged. Interior Defendants' Plan at 1–2. The plan also asserts that the American Indian Trust Fund Management Reform Act of 1994 ("1994 Act") sets forth the specific standards governing the performance of the accounting; details these specific standards; and notes that Interior looks to various sources, identified throughout the plan, for guidance in carrying out the 1994 Act's requirements.